UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCES ANN BRUCE, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV478 JCH |
| ) | |
| ALBERTO GONZALES, ) | |
| ATTORNEY GENERAL, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, filed May 16, 2006. (Doc. No. 3). The matter is fully briefed and ready for disposition.

## **BACKGROUND**[1]

Plaintiff Frances Ann Bruce, a female over age forty (40), was hired by the Bureau of Alcohol, Tobacco, and Firearms and Explosives ("ATF"), located in St. Louis, Missouri, in August, 1999. (Compl., ¶¶ 5, 9). Plaintiff began work at pay grade GS-7, and at the time of the alleged discriminatory practices, Plaintiff was working as an Industry Operations Analyst, at pay grade GS-9. (Id., ¶¶ 9, 10).

On or about March 15, 2004, Plaintiff applied for a position as Inspector, a position that would have afforded promotional opportunities she did not possess in her position as Industry Operations Analyst. (Compl., ¶ 11). In her application for the position, Plaintiff allegedly indicated her preference for a placement in St. Louis. (Id., ¶ 13). In September, 2004, Plaintiff was offered an Inspector position, but for a location in Des Moines, Iowa. (Id., ¶ 15). Plaintiff declined the offer

---

[1] For purposes of the instant motion, the Court views the facts in the light most favorable to Plaintiff, the non-moving party.

due to her inability to relocate, and then complained to her first-line supervisor, Sandra Lawson ("Lawson"), about not being offered the position of Inspector in St. Louis. (Id., ¶¶ 10, 15, 16).

Lawson discussed the matter with Plaintiff's second-line supervisor, Robert Mosley ("Mosley"), who then made additional inquiries about the decision. (Compl., ¶¶ 10, 16, 17). Through his discussions with Personnel, Mosley learned that when an individual is selected for one city, he or she cannot be reassigned to another city. (Id., ¶ 17; see also Defendant's Answer, ¶ 17). Lawson communicated this information to Plaintiff, and then suggested that Plaintiff write a letter of appeal to James Zammillo ("Zammillo"), the bureau official who managed the selection and placement of Inspectors. (Compl., ¶¶ 14, 18).

On September 2, 2004, Plaintiff sent a letter to Zammillo, requesting that she be assigned to St. Louis, in the capacity of Inspector. (Compl., ¶ 19). On September 8, 2004, Plaintiff contacted an EEO counselor. (Id., ¶ 20). On or about September 20, 2004, Plaintiff received a letter from Zammillo, stating he was unable to consider assigning her to St. Louis instead of Des Moines. (Id., ¶ 21).

On October 28, 2004, Plaintiff filed a Complaint of Discrimination ("EEO Complaint"), claiming she was denied the Inspector position in St. Louis due to her age, race, and gender. (Compl., ¶ 20; see also Defendant's Exh. A). Plaintiff did not check the box labeled "reprisal" on her EEO Complaint. (Defendant's Exh. A, P. 1).

In January, 2005, Plaintiff appealed directly to Mosley, asking that he contact Zammillo and convince him of Plaintiff's ability to transition successfully into an Inspector position in St. Louis. (Compl., ¶ 24). Plaintiff alleges at that point, Mosley refused to contact Zammillo on her behalf, stating that because she had filed an EEO Complaint, there was nothing he could do. (Id.).

In March of 2005, Plaintiff applied for another position as an Inspector, in response to a new posting made by the ATF. (Compl., ¶ 25). Plaintiff interviewed for this position in August, 2005, but did not receive an offer, despite the fact that ATF filled one Inspector position in St. Louis in October, 2005. (Id., ¶¶ 25, 26).[2] On or about November 3, 2005, Plaintiff sent an e-mail to Mosley's replacement, Peggy Cook, asking that she write a letter to Zammillo, arguing Plaintiff would be able to transition successfully to the job of Inspector in her current location in St. Louis. (Id., ¶ 27). To date, Plaintiff has not received a response to her request from Cook. (Id.).

Plaintiff filed an "informal complaint" with her agency EEO office on January 5, 2006, in which she alleged that her failure to be granted an Inspector position in St. Louis constituted retaliation for her initial filings with the EEO in 2004. (Plaintiff's Memorandum in Opposition to Defendant's Partial Motion to Dismiss ("Plaintiff's Opp."), P. 4). Plaintiff filed her formal complaint on this issue on March 21, 2006; to date, she has not received a Final Agency Decision. (Id.; see also Defendant's Reply to Plaintiff's Response ("Defendant's Reply"), P. 6).

Plaintiff filed the instant Complaint on March 16, 2006. (Doc. No. 1). In her Complaint, Plaintiff alleges employment discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (Count I); employment discrimination on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") (Count II); and retaliation (Count III). (Id.).

As stated above, Defendant filed the instant Partial Motion to Dismiss on May 16, 2006. (Doc. No. 3). In his motion, Defendant claims that neither of Plaintiff's claims of retaliation have

---

[2] Plaintiff maintains two Inspector positions remain open in St. Louis; Defendant denies this assertion. (See Compl., ¶ 26 and Answer thereto).

been administratively exhausted, and thus the Court should dismiss both for lack of subject matter jurisdiction.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332 (8th Cir. 1982) (internal quotations and citations omitted).

## DISCUSSION

In her response to Defendant's motion, Plaintiff explains that with her Complaint, she intends to protest two alleged instances of retaliation, as follows: "[1] retaliation by Plaintiff's supervisor (Mosley) after she filed an EEO complaint in September 2004 (i.e., when Plaintiff asked Mosley in January 2005 to tell the selecting officer (Zammillo) she could successfully transition from her current position to the Inspector position Mosley refused, telling Plaintiff that because she had filed an EEO complaint there was nothing he could do); and [2] continuing retaliation by the employer for failure to select Plaintiff for other job openings in St. Louis, specifically, a position as Industry Operations Investigator which she applied for in March 2005." (Plaintiff's Opp., PP. 1-2). The Court will address the separate allegations of retaliation in turn.

**I.      January 2005 Retaliation**

As stated above, in her first claim of retaliation Plaintiff claims her supervisor, Mosley, refused to speak to the selecting official on her behalf, because Plaintiff had filed an EEO complaint. (Plaintiff's Opp., P. 2). In his Partial Motion to Dismiss, Defendant asserts Plaintiff's first claim of retaliation is barred, because she did not exhaust her administrative remedies in accordance with the requirements of Title VII. (Defendant's Memorandum of Law in Support of Partial Motion to Dismiss, PP. 3-4). In support of this claim, Defendant notes that Plaintiff's 2004 filing with the ATF's Office of Equal Opportunity did not include a claim of retaliation. (Id., P. 2). Instead, Plaintiff claimed only race, gender, and age discrimination, and thus those were the only claims investigated by the EEO investigator. (Id.).

Both Plaintiff and Defendant acknowledge that Title VII requires claimants to file timely charges of discrimination with the EEOC (or other appropriately designated office), and then to exhaust all administrative remedies through that agency before bringing an action in court. Further, the law is clear that while the resulting lawsuit need not precisely mirror the administrative charges, it must be limited to the scope of the investigation reasonably expected to grow out of the charge of discrimination. Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004).

In her response, Plaintiff claims her first retaliation claim was reasonably related to her underlying discrimination claims, and thus was exhausted by the administrative processes performed on those earlier claims. (Plaintiff's Opp., PP. 2-4). Under Eighth Circuit law, however, retaliation claims are not considered reasonably related to underlying claims of discrimination. Wedow v. City of Kansas City, 442 F.3d 661, 673 (8th Cir. 2006) (citing Duncan v. Delta Consol. Indus., Inc.). See also, Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004); Russell v. TG Missouri Corp., 340 F.3d 735, 747-48 (8th Cir. 2003). This Court has explained the rationale behind the rule as follows: "by not checking the 'retaliation' box and by not specifically alleging retaliation in the text of her charge,

Plaintiff deprive[s] the charged party with notice of the charge." Price v. Harrah's Maryland Heights Operating Co., 117 F.Supp.2d 919, 922 (E.D. Mo. 2000) (citation omitted). Thus, "a retaliatory [action] that occurred subsequent to a timely filed EEOC charge of discrimination is not covered by the EEOC charge, unless that charge is amended to include the discrete subsequent act." Webster v. City of St. Louis Collector of Revenue, 2006 WL 2088182 at * 4 (E.D. Mo. Jul. 25, 2006) (citations omitted).

In the instant case, it is undisputed that Plaintiff neither filed a complaint with the ATF's EEO office regarding the January, 2005, retaliation, nor amended her original charge to include the claim. Therefore, Plaintiff's claim that Mosley retaliated against her in January, 2005, by refusing to speak to Zammillo on her behalf, is not administratively exhausted for purposes of the present action, and so Defendant's Motion to Dismiss with respect to Plaintiff's first claim of retaliation must be granted.

## II.     January 2006 Retaliation

As stated above, in her second claim of retaliation Plaintiff claims she was denied a position as Industry Operations Investigator, because she had filed the earlier EEO complaint. (Plaintiff's Opp., P. 4). Plaintiff initiated a complaint with the ATF's Office of Equal Opportunity regarding this incident in January, 2006, and filed a formal complaint on March 21, 2006. In arguing for dismissal of this claim, Defendant again asserts that appropriate administrative remedies have not been exhausted. (Defendant's Reply, PP. 4-7). Specifically, Defendant maintains that because this complaint concerns a distinct incident of alleged retaliation, separate from and not reasonably related to Plaintiff's previous claims of discriminatory conduct, Plaintiff must exhaust all available administrative remedies for this specific complaint. (Id.).

In her response, Plaintiff acknowledges she has not yet received a response to her second complaint. (Plaintiff's Opp., P. 4). Plaintiff argues, however, that the charge should be considered

administratively exhausted nonetheless, because the claim is reasonably related to the initial discrimination complaint of 2004.

Upon consideration, the Court finds that for the reasons already stated, Plaintiff's argument that the second retaliation claim is administratively exhausted because it is substantially related to her previously filed claims of discrimination fails.  In other words, because it is discrete and separate from her previous allegations, Plaintiff's second claim of retaliation had to be administratively exhausted on its own accord, before it could be brought before this Court.  Wedow, 442 F.3d at 674.  Absent a Final Agency Decision on the issue, Plaintiff's second claim of retaliation is not yet administratively exhausted, and so this portion of Defendant's Motion to Dismiss must be granted as well.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Doc. No. 3) is **GRANTED**, and Count III of Plaintiff's Complaint is **DISMISSED**.


Dated this 25th day of September, 2006.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE